J-S62014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID CARL IMHOFF | : | |
| | : | |
| Appellant | : | No. 185 WDA 2019 |

Appeal from the PCRA Order Entered January 14, 2019
In the Court of Common Pleas of Washington County
Criminal Division at No(s):  1497-13,
CP-63-CR-0000281-2013

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:              **FILED FEBRUARY 3, 2020**

David Carl Imhoff appeals from the order entered in the Washington County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing. After careful review, we quash.

In light of our disposition, a complete recitation of the factual and procedural history is unnecessary. Relevant for our purposes, on June 12, 2014, after a consolidated jury trial, Imhoff was found guilty, at the above two dockets, of possession of firearm prohibited, terroristic threats, unlawful restraint, simple assault, recklessly endangering another person, aggravated assault, and harassment.

On September 5, 2014, Imhoff was sentenced to an aggregate fifteen to thirty years' incarceration. Imhoff's direct appeal, involving both lower-

court docket numbers, resulted in no relief. **See Commonwealth v. Imhoff**, 1597 WDA 2014 (Pa. Super., filed June 30, 2016) (unpublished memorandum).

Imhoff subsequently filed, *pro se*, his first PCRA petition. Counsel was appointed and filed an amended PCRA petition on October 25, 2017. The amended petition raised numerous assertions of ineffectiveness of trial counsel and alleged newly discovered evidence in the form of exculpatory witnesses. The PCRA court dismissed the petition after issuing a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.A.P. 907. This timely appeal followed.

Before we reach the issues presented by Imhoff on appeal, we must first address the fact that he filed a single notice of appeal raising issues that relate to two docket numbers.

The Pennsylvania Supreme Court has held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018). The Court explained "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal" and "[t]he failure to do so requires the appellate court to quash the appeal." **Id.,** at 976-977; **See also** Pa.R.A.P. 341, Official Note.

However, the Court in **Walker** declined to apply the rule to the case before it, because to do so would run "contrary to decades of case law from

[the Pennsylvania Supreme Court] and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." *Id.* Thus, the Supreme Court instructed that in all *future* cases, a failure to file a notice of appeal for each lower court docket will result in quashal of the appeal.

On March 29, 2019, this Court issued an order directing Imhoff to show cause why the appeal should not be quashed pursuant to **Walker**. Imhoff filed a counseled response. Imhoff's response concedes the **Walker** issue and requests that he be permitted to file a second notice of appeal to correct the defect. By order entered April 17, 2019, this Court discharged its rule to show cause and referred the matter to the merits panel.

We are unable to comply with Imhoff's request for an exception to **Walker**. The Supreme Court did not carve out any exceptions to the holding in **Walker**, and we have no authority to do so. The **Walker** opinion was filed on June 1, 2018. Here, it is undisputed that Imhoff filed his singular notice of appeal, inclusive of two docket numbers on February 4, 2019. Imhoff's appeal unambiguously arises from an order that resolved issues pertaining to more than one lower court docket. As such, because he filed this notice after the decision in **Walker**, we are constrained to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2020